| |
|---|
| **Natan 5 LLC v Weekes** |
| 2024 NY Slip Op 32355(U) |
| July 9, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No.: 518579/2018 |
| Judge: Wavny Toussaint |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 70 of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at 360
Adams Street, Brooklyn, New York, on the
9th day of July, 2024.

PRESENT :
HON. WAVNY TOUSSAINT
                              Justice.

---

NATAN 5 LLC,

                    Plaintiff,                          Index No.: 518579/2018

          -against-                                    **DECISION AND ORDER**

GILLIAN EDWARDS WEEKES, AS ADMINISTRATOR
OF THE ESTATE OF VALERIE EDWARDS,

                    Defendant.

---

| The following papers numbered 1 to   read herein | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ and Affidavits (Affirmations) Annexed | 78-82; 126-128 |
| Cross Motion and Affidavits (Affirmation) Annexed | 84-102; 129-132 |
| Answers/Opposing Affidavits (Affirmations) | 103-113; 115-117 |
| Reply Affidavits (Affirmations) | 118; 119-122 |
| Affidavit (Affirmation) | |
| Other Papers | |

Upon the foregoing papers, defendant moves (Seq. 03) for an order, pursuant to CPLR §6514, cancelling and discharging the Notice of Pendency filed 9/28/18. Plaintiff cross-moves (Seq. 04) for an order, pursuant to CPLR §6513, §2001, §2004 and §2005, extending said Notice of Pendency and, pursuant to CPLR §3025[b], for leave to amend the complaint. Both motions are opposed.

[* 1]

## *Background*

At its essence, this is an action for specific performance based on the 6/22/18 contract of sale, executed between Natan 5 LLC (plaintiff) and Valerie Edwards (defendant, now deceased), regarding the property located at 760 Crown St., Brooklyn, NY (the "subject property"). The contract: (1) specified a purchase price of $780,000, with a $20,000 deposit to be held in escrow by defendant's real estate attorney, Alex Ngati (Ngati); (2) stated defendant would receive $10,000 of the down payment upon its execution; and (3) directed that closing was to take place "on or about 45 days" or "upon reasonable notice (by telephone or otherwise) by purchaser." The contract did not set a "time is of the essence" closing date. The contract also permitted plaintiff to assign the contract without prior written notice to defendant. Plaintiff tendered the down payment check for $20,000 on 6/22/18, issued by "NC Homes LLC," to Ngati who, in turn, issued three checks from his IOLA account: two checks to Edwards for $5,000 each, issued on 7/2/18 and 8/15/18, and one check to "Rapid Realty Bedford Stuyvesant" for $5,000, issued on 8/31/18. Defendant negotiated the two checks issued to her.

By early 9/13/18, the closing had not occurred as contemplated by the contract. On September 13, 2018, plaintiff commenced this action for breach of contract, specific performance, and for an injunction restraining defendant from conveying the property. Alternatively, plaintiff sought prompt return of its contract deposit and $330,000 in damages. Plaintiff filed a Notice of Pendency against the subject property on 9/28/18 (NYSCEF Doc. No. 81). On 10/21/18, defendant answered alleging that she was fraudulently induced into executing the contract for $780,000, a sum substantially below the property's known appraised

2

[* 2]

value at that time of $1,400,000. Defendant also asserted a counterclaim for a declaratory judgment that the contract is void, as it was fraudulently induced. Plaintiff timely interposed a reply to the counterclaim on 11/19/18. Extension of the subject Notice of Pendency is now at issue before the Court.

### *The Subject Notice of Pendency*

The Notice of Pendency was to expire as of 9/28/21. However, pursuant to certain Covid-19 protocols then in place, plaintiff timely made application to renew the Notice of Pendency on 12/9/21 (NYSCEF Doc. No. 60).[1] Rather than proceed on its application, and in part to account for the 10/22/20 death of defendant Valerie Edwards and applicable COVID-19 extensions, the parties instead executed a stipulation dated 9/13/22, which was "so-ordered" by the Court on 9/21/22 and entered by the County Clerk on 9/26/22, as indicated by the filing stamp affixed to the stipulation (the "stipulation"; NYSCEF Doc. No. 82).[2] It is undisputed that neither party served the other with Notice of Entry of the signed stipulation.[3] The stipulation permitted plaintiff to withdraw its renewal application, upon

---

[1] The NYSCEF Confirmation Notice references 12/9/21 as the filing date of the renewal Notice of Motion, supporting affirmation and supporting documents; though the NYSCEF "received" date on the Notice of Motion indicates 12/16/21. In any event, at the time the renewal application was filed, plaintiff's counsel asserted: "Moreover, pursuant to the executive orders issues by Governor Cuomo in March 2020 and consequently thereafter, which, in relevant part, tolled "any specific time limit for the commencement of any legal action as prescribed by the procedural laws of the state, [ ]" Executive Order 202.8 granted tolling provisions to specific procedural time limits set forth for the commencement, filing and service of any legal action. Thereby the three-year timeline for the Notice of Pendency had been tolled until on or about September 2020, thereby making this motion timely and as of right (NYSCEF Doc. No. 62 at par. 11).

[2] "The entry of an order by the Kings County Clerk is effectuated when the Kings County Clerk affixes a filing stamp to the order reflecting the date and time of the entry" (Supreme Court Civil Term, Kings County, County Clerk of Kings County "Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (August 5, 2019)" at Subsection "L", p. 12). This is an e-filed matter.

[3] [T]he language of CPLR 5513(a) as to who serves notice of entry is not limited to the "prevailing party," or to "the appealing party," or to "the party seeking to limit an adversary's appellate time." Rather, "a" party, which is unrestricted,

[* 3]

defendant's consent that plaintiff would file a successive Notice of Pendency within 30 days of entry of the stipulation (*id.*, at par. 3). Plaintiff never filed a successive Notice of Pendency.

### *The Parties' Contentions*

### *Defendant's Motion Seq. 03*

Defendant moves (Seq. 03) for an order, pursuant to CPLR §6514, cancelling and discharging the Notice of Pendency filed 9/28/18. Defendant alleges plaintiff never filed the successive Notice of Pendency as required under the stipulation, and that now, given its expiration, the Notice of Pendency must be cancelled and stricken.

Plaintiff contends that its prior attorney misread and misunderstood the language of the stipulation, believing that the stipulation itself extended the Notice of Pendency (*see* Levkovivh affirmation at NYSCEF Doc. No. 111, pars. 4-9). Plaintiff urges the Court to take note of its renewal application (filed 12/9/21) as evidence of its intent to timely renew the Notice of Pendency. Plaintiff thus contends that it should not be penalized for the mistake of its prior counsel. Plaintiff also contends that the death of defendant contributed to the delays in the case, which the Court should also consider. Finally, plaintiff contends the Court, pursuant to CPLR §2001 (correction for mistake or irregularity), CPLR §2004 (court may extend time fixed by statute as may be just/for good cause) and CPLR §2005 (court has discretion to excuse delay or default due to law office failure), is empowered to now extend the 30-day period set forth in the stipulation and permit plaintiff to file a successive Notice of Pendency at this juncture.

---

necessarily refers to "any" party to an action (*W. Rogowski Farm, LLC v County of Orange*, 171 AD3d 79, 88 [2d Dep't 2019]).

[* 4]

In reply, defendant concedes plaintiff timely filed the renewal application, but argues the motion was resolved by the stipulation, which required plaintiff to file a successive Notice of Pendency within 30 days from entry of the stipulation by the Clerk's Office on 9/26/22. Counting 30 days from the entry date of the stipulation, defendant argues plaintiff, at the latest, had until 10/21/22 to file a successive Notice of Pendency but failed to do so (Falkowski affirmation, NYSCEF Doc. No. 79, par. 7).[4] Accordingly, defendant posits that as a lapsed notice of pendency cannot be revived, the standing Notice of Pendency must be cancelled and discharged as a matter of law.

### *Plaintiff's Motion Seq. 04*

In support of that part of its cross motion (Seq. 04) for an order, pursuant to CPLR §6513, §2001, §2004 and §2005, extending the Notice of Pendency, plaintiff raises the same arguments submitted in opposition to defendant's motion (Seq. 03). Defendant opposes by likewise raising the same arguments offered in support of its motion.

Regarding that part of its motion for an order pursuant to CPLR §3025[b], for leave to amend the complaint, plaintiff argues that leave should be granted, as the proposed amendments seek to add assertions relating to the setting of a time-of-essence closing date and defendant's rejection of same, among other things. Plaintiff argues the proposed amendments comport with the factual developments in the case (namely that it was ready, willing and able to close on the contract) and are not palpably insufficient or patently devoid of merit.

---

[4] Defendant counts 30 days from the date the stipulation was so-ordered by the court (9/21/22) rather than from the County Clerk's entry date of 9/26/22, a difference which, for the purposes of the Court's determination of the motions, is academic.

5

Defendant contends leave to amend should be denied as the proposed amendments, indeed, are palpably insufficient and patently devoid of merit. Defendant points to the Court's 4/27/20 decision (NYSCEF Doc. No. 95) which denied plaintiff prior specific performance summary judgment motion on the basis that: "Nathan [plaintiff] has failed to meet its initial burden of demonstrating that it was ready, willing and able to close on the property within 45 days of execution or a reasonable time thereafter. . . In addition, Natan has filed to submit any evidence that they fulfilled their obligation to schedule a "law day," or that they made efforts to close within a reasonable time rather than commence this lawsuit (*citations omitted*)" (NYSCEF Doc. No. 117 at p. 12). Based on the foregoing, defendant argues plaintiff's initial fatal pleading defects should not be allowed by amendment, since plaintiff declared a breach and sued for damage, prematurely.

In reply, plaintiff argues, *inter alia*, that the proposed amendments are not palpably insufficient or patently devoid of merit, given the amendments allege time was made of the essence and that it was ready, willing, and able to close. Further, plaintiff argues that when leave to amend is sought, it is not required to make a showing of merit, with the burden on defendant to show prejudice or surprise, which defendant cannot show given the case filings to date. In any event, plaintiff argues that whether time of essence was established raises a question of fact, warranting the granting of its motion.

### Discussion

### *Enforcement of Court Orders*

It is well established that "[w]here the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is required to serve

6 of 11

[* 6]

it on the adverse party" (*Fried v. Carlucci & Legum*, 309 AD2d 829, 830 [2d Dep't 2003]; *citations omitted*). The Second Department reaffirmed its holding in *Fried* in the subsequent matter of *Wolf Props. Assoc., L.P. v Castle Restoration, LLC*, 174 AD3d 838, 841 [2d Dep't 2019]) in which it held: "'[i]t is axiomatic that before an order may be enforced, notice of such order must be given to the party against whom it is sought to be enforced'" (citations omitted). Further, the Court of Appeals instructs that where a party is not alerted "to the enclosure of an appealable paper, respondents cannot rely on notations on the enclosed paper itself as providing essential elements of a notice of entry . . . Moreover, the paper respondents enclosed was neither stamped with the date and place of entry nor signed by the clerk, and therefore did not provide the essential elements of a notice of entry" (*Matter of Reynolds v Dustman*, 1 NY3d 559, 561 [2003]).

"Pursuant to 22 NYCRR 202.5-b, the court rule governing electronic filing for the Supreme Court, a party may serve an interlocutory document upon another party by filing the document electronically: "Upon receipt of [the] interlocutory document, the NYSCEF site shall automatically transmit electronic notification to all e-mail service addresses in such action" (*JBBNY, LLC v. Dedvukaj*, 171 AD3d 898, 901 [2d Dep't 2019]). Further, as provided under subdivision (h)(2), entitled "Entry of Orders and Judgements and Notice of Entry"; "[a] party <u>shall</u> serve notice of entry of an order or judgment on another party by serving a copy of the order or judgment and written notice of its entry. A party may serve such documents electronically by filing them with the NYSCEF site and thus causing transmission by the site of notification of receipt of the documents, which shall constitute service thereof by the filer. In the alternative, a party may serve a copy of the order or judgment and written notice of its

7

entry in hard copy by any method set forth in CPLR 2103 (b) (1) to (6)." (*id.*; emphasis supplied).

Consequently, when an order is never served with written notice of its entry, the order is not valid insofar as holding the adverse party accountable thereto. This is a separate issue from whether the order is enforceable or appealable, neither of which can be sought until its filing has been accomplished, an issue conflated by defendant (*Charalabidis v Elnagar*, 188 AD3d 44, 50 [2d Dep't 2020]). In effect, without entry, the ruling embodied in an order, or in this case the stipulation (i.e., to file the successive Notice of Pendency within 30 days of entry), is without effect (*Skolnik v Metro-North Commuter Railroad*, 13 AD3d 350, 350 [2d Dep't 2004]). The "entry" predicate was completed here when the County Clerk "filed" the stipulation on 9/26/22, thereby triggering the subsequent requirement under 22 NYCRR 202.5-b(h)(2) requiring service of the order with notice of entry, necessary to: (1) affect the rights of an adverse party (here, plaintiff), whatever the decretal provisions of the order, as in this case, the 30-day time period and (2) to start the appeal clock on the order.

Here, there is no indication in the record a proper Notice of Entry of the so-ordered stipulation was served by defendant on plaintiff, either electronically or alternatively, via hard copy. Accordingly, the 30-day time period embodied in the stipulation, for filing of the successive Notice of Pendency, never started to run (*JBBNY, LLC, supra; see also Lehifa Trading Co. v. Russo Securities, Inc.*, 205 AD2d 738, 738 [2d Dep't 1994]). The Court accepts the proffered excuse of plaintiff's prior counsel that he misread and misunderstood the decretal language of the stipulation (*Perez v Jordan*, 37 AD3d 200, 203 (1st Dep't 2007),

[* 8]

For the foregoing reasons, defendant's motion (Seq. 03) is denied and plaintiff's motion (Seq. 04) is granted, as to the extension of the Notice of Pendency filed 9/28/18.

### Leave to Amend the Complaint

Plaintiff also seeks leave to amend its complaint pursuant to CPLR § 3025[b] to add factual assertions relating to the time-of-essence closing date, among other things. It is well settled that leave to amend a pleading rests within the court's discretion and should be freely granted provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (CPLR 3025 [b]; *Melendez v Bernstein*, 29 AD3d 872, 872 [2d Dep't 2006]; *Krakovski v Stavros Assocs., LLC*, 173 AD3d 1146, 1147 [2nd Dep't 2019]; *Gallagher v 109-02 Development, LLC*, 137 AD3d 1073, 1073 [2nd Dep't 2016]). A court shall not examine the legal sufficiency or merits of a pleading unless the insufficiency or lack of merit is clear and free from doubt (*Krakovski*, 173 AD3d at 1148). "No evidentiary showing of merit is required under CPLR 3025(b)" (id.). The burden of establishing prejudice or surprise precluding the amendment of the pleading is on the party opposing the amendment (id.).

Inasmuch as plaintiff has failed to adequately address the prior findings of the Court set forth in its 4/27/20 order, plaintiff's proposed amendments are deemed palpably insufficient and patently devoid of merit. The proposed amended complaint, on its face, seeks to assert allegations which post-date those which the Court already has determined are without merit; and, impermissibly, seeks to add new recovery theories (*Scott v General Motors Corp.*, 202 AD2d 570, 570 [2d Dept 1994]). For instance, while the subject contract did not specify a "time is of the essence" closing date, plaintiff nonetheless asserts in the proposed amended

9

complaint that it was ready, willing and able to close on a time of essence date pursuant to a letter dated August 23, 2023 (NYSCEF Doc. No. 96) – a date which post-dates the September 13, 2018 commencement date of this action. Plaintiff additionally seeks to buttress this theory by submitting a series of checks which purport to establish that the requisite funds were available to close the transaction, though again, all the purported checks are dated August 18, 2023 (NYSCEF Doc. No. 97). It is clear to the Court that permitting plaintiff's "new theory", offered some six years after commencement of this action, *per se* prejudices defendant. For these reasons, that part of plaintiff's motion (Seq. 04) for an order granting leave to amend the complaint, pursuant to CPLR §3025[b], is denied.

### Conclusion

Accordingly, it is hereby

**ORDERED**, that defendant's motion (Seq. 03) for an order, pursuant to CPLR §6513, cancelling and discharging the Notice of Pendency filed 9/28/18, is denied; and it is further

**ORDERED**, that plaintiff's cross-motion (Seq. 04) for an order, pursuant to CPLR §6513, §2001, §2004 and §2005, extending the Notice of Pendency, is granted; and it is further

**ORDERED**, that the Notice of Pendency filed 9/28/18 is extended for an additional three (3) years from 9/28/21 (being the renewal date as would have been entered under the timely renewal application and as further set out in the stipulation), *nunc pro tunc*; and it is further

[* 10]

**ORDERED**, that the part of plaintiff's motion (Seq. 04) for leave to amend the complaint, pursuant to CPLR §3025[b], is denied.

This constitutes the decision and order of the Court.

For Clerks use only
MG___
MD___
Motion Seq.#

E N T E R

_____
J.S.C.

HON. WAVNY TOUSSAINT
J. S. C.

[* 11]